MASTERCRAFT WAYSIDE FURNITURE CO. *vs.* SIGHTMASTER CORP.

Suffolk. January 5, 1955. — March 9, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Sale,* Warranty. *Notice. Practice, Civil,* Appellate Division: what questions open; Findings by judge; Requests, rulings and instructions.

A claim of report from an ultimate finding in an action in a District Court does not raise the question of the propriety of that finding unless the subsidiary facts established are sufficient to demonstrate whether the ultimate finding was reached by the application of correct principles of law. [386]

The question whether a finding in an action in a District Court was warranted by the evidence is not raised by a claim of report from the finding. [386]

In an action for breach of warranty in the sale of television sets delivered by the defendant to the plaintiff in January and February, 1948, evidence of complaints of defects in the sets made to the defendant by the plaintiff from early in the following June, about the time when television tests were made shortly before actual television broadcasting began, until November, when the plaintiff made formal claims of breach of warranty, warranted a finding that the notice of breach of warranty required by G. L. (Ter. Ed.) c. 106, § 38, was substantially and seasonably given. [387]

A judge of a District Court properly denied requests which were in effect requests for findings of fact not required as matter of law upon the evidence. [387–388]

A finding for the plaintiff by a judge of a District Court was not erroneous although he had properly ruled on conflicting evidence that it warranted a finding for the defendant. [388]

In an action in a District Court for breach of warranty, allowance by the trial judge of a request by the defendant for a ruling that notice of the breach of warranty was a condition precedent to maintenance of the action did not bind the judge to find that notice was not given. [388]

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 29, 1948.

The action was heard by *Barron, J.*

*Solomon Romanow,* for the defendant.

*Harry Pollack,* for the plaintiff.

COUNIHAN, J. This action is before us upon an appeal by the defendant from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report of the trial judge. The report was correctly dismissed.

The action is in contract for breach of warranty in the sale of thirteen television sets by the defendant to the plaintiff. There was evidence that the plaintiff purchased these sets from the defendant for $5,316.19 which it paid the defendant. The sets were delivered to the plaintiff during the period from January 8, 1948, to February 27, 1948, upon an express warranty that "The new Sightmaster gives you these great features, — Combination high quality television with super hi fidelity FM Radio receiver, bright firm stable picture, true FM sound hi fidelity audio." The plaintiff relied upon this warranty. At the time of the purchase no television broadcasting had been begun in the area in which the plaintiff did business. Late in May and in June, 1948, certain television tests were made and actual television broadcasting began about June 28, 1948. Even before actual television began the plaintiff received complaints about defects in the sets from persons to whom it had sold them, and early in June, 1948, by telephone it complained to the defendant that the sets were not televising properly. From then until November 18, 1948, the president of the plaintiff was in frequent touch with the defendant's officers by telephone and by letter, and on each occasion he asserted what in effect amounted to a breach of

warranty. During this period the defendant had experts endeavor to correct the defects complained of but with no apparent success. The difficulties continued and finally on November 18, 1948, the plaintiff by letter recited the defects in the sets and made formal claims of breach of warranty and for damages.

There was evidence that the plaintiff sold some of the sets "as is" and without warranty at prices less than it had paid for them. It still had on hand six of the sets which it had been unable to sell because they would not televise properly.

At the close of the evidence the defendant duly filed requests for rulings. The judge made the following findings of facts: "I find that there was a breach of warranty by the defendant and that the plaintiff gave sufficient notice to the defendant of the breach of warranty. I find that the plaintiff has not sustained the burden of proof in relation to special damages, such as loss of profits and other damages alleged. I find that the approximate difference between the value of the goods at the time of delivery to the plaintiff and the value they would have had if answering to the warranty is $800." The judge found for the plaintiff for this amount.

The defendant, claiming to be aggrieved by the denial of certain requests,[1] by the failure of the judge to find in ac-

---

[1] "2. Upon all the evidence and all the facts, the plaintiff has failed to make out a prima facie case."

"3. Upon all the evidence and all the facts, the plaintiff failed to give a proper notice of the alleged breach of warranties, therefore there should be a finding for the defendant."

"5. Upon all the evidence and all the facts, the plaintiff failed to give a due and sufficient notice of the alleged breach of warranties, therefore there should be a finding for the defendant."

"6. Upon all the evidence and all the facts, the plaintiff failed to give notice of the alleged breach of warranties within a reasonable time after discovery of same."

"7. Upon all the evidence and all the facts, the plaintiff failed to give a due and sufficient notice of the dates of discovery of the alleged breach of warranties to the defendant, therefore there should be a finding for the defendant."

"8. Upon all the evidence and all the facts, no notice of the breach of warranties was given by the plaintiff to the defendant within a reasonable time, referring to particular sales, dates of discovery of said alleged breaches,

cordance with certain requests[1] which she allowed, by the findings of facts by the judge, and by the finding for the plaintiff, claimed a report to the Appellate Division which as we have indicated dismissed the report.

The general rule is that the appeal brings before us only rulings of law by the judge and the action of the Appellate Division thereon. In *Muir Brothers Co.* v. *Sawyer Construction Co.* 328 Mass. 413, at pages 414–415, we said, "Ordinarily the question of the correctness of a general finding or decision cannot be raised by an exception or claim of report. . . . The reason is that exceptions or claims of report lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented." This rule of law is supported by decisions of this court too numerous to recite. The defendant, however, argues that its claims that it is aggrieved by the findings of facts and by the finding for the plaintiff bring before this court the question whether such findings are warranted by the evidence. It relies upon cases like *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 169, and the *Muir Brothers Co.* case, *supra*. In those cases subsidiary facts were admitted, stipulated, or found sufficient to demonstrate whether the ultimate finding was arrived at by the application of correct principles of law. That is not the case here. "The determination of the weight to be given to the evidence of a witness who has testified in an action at law is the exclusive function of the trier of fact . . . and findings of fact

fairly advising defendant of the alleged defects and breaches, and specifying with reasonable particularity what the said breaches consisted of, and which notice repelled the inference of waiver, therefore there should be a finding for the defendant."

"9. Upon all the evidence and all the facts, no notice of breach of warranties was ever given by the plaintiff to the defendant, which notice could be construed to be an assertion of the violation of the plaintiff's legal rights."

"15. Upon all the evidence and all the facts, the plaintiff's continued possession of the television sets, and its other acts of ownership, after knowledge of the alleged breach of warranties, precludes its recovery."

[1] "1. Upon all the evidence and all the facts, a finding for the defendant is warranted."

"4. A due and sufficient notice of a breach of warranty is a condition precedent to a buyer asserting his rights against a seller for said breach."

. . . on oral evidence are not reviewable on an appeal from an order of the Appellate Division." *Codman* v. *Beane,* 312 Mass. 570, 573.

General Laws (Ter. Ed.) c. 106, § 38, reads as follows: "In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." This statute was construed in *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245, where, at page 247, it was said, "It is the manifest purpose of the statute that, in order to fix liability on a seller, the buyer must give to the seller seasonable information of the buyer's intention to look to the seller for damages from a breach of warranty. The statute does not prescribe the form or specify the contents of the required notice of such intent. . . . The notice need not necessarily be in writing. . . . Complaints as to the quality of what was sold may be found to amount to an adequate notice if in the circumstances appearing the complaints are of such a character as reasonably to inform the seller of the buyer's intention to claim damages for a breach of warranty. . . . An express claim of damages is not necessary if it is reasonably inferable from the notice that the buyer is asserting a violation of his legal rights."

The judge was warranted in finding that the defects in these sets were early brought to the attention of the defendant in such a way that sufficient notice of the breach of warranty was substantially and seasonably given. Cases like *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, and *Monroe Auto Equipment Co.* v. *Bloom,* 326 Mass. 65, are distinguishable on the facts that appear in those cases.

There remains to be considered the action of the judge upon the requests for rulings. The denial of the requests

which we have hereinbefore set forth was proper because they were all in effect requests for findings of fact which were not required as matter of law upon the evidence. *Perry* v. *Hanover*, 314 Mass. 167, 169–170. The judge allowed a request that the evidence warranted a finding for the defendant. This was proper for the evidence was conflicting and did not as matter of law require a finding for the plaintiff. *Bresnick* v. *Heath*, 292 Mass. 293, 298. *Hoffman* v. *Chelsea*, 315 Mass. 54, 55–56. The judge also allowed a request that notice is a condition precedent to recovery for breach of warranty. This is a correct statement of law but it did not bind the judge to find that there was no sufficient notice. As matter of fact the judge found the contrary. In allowing this request the judge was merely stating a rule of law by which she was guided. *Bianchi* v *Denholm & McKay Co.* 302 Mass. 469, 471–472.

*Order dismissing report affirmed.*