FARIS M. BOTAISH *vs.* GEORGE M. ROMANOS, JUNIOR.

Suffolk.    October 9, 1958. — November 7, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE,
& CUTTER, JJ.

*Agency*, What constitutes, Broker. *Broker*, What constitutes relation, Brokerage contract, Commission. *Contract*, With broker, Performance and breach. *Damages*, For breach of contract. *Practice, Civil*, Exceptions: exception to finding; New trial. Words, "Net cash proceeds."

An agreement involved in an action, that the plaintiff would convey certain real estate to the defendant subject to existing mortgages and that when the defendant should sell the property "at whatever sale price" he should "see fit to take" he would pay to the plaintiff "the net cash proceeds" received from the sale, less a specified "commission" and his expenses, created a brokerage relationship and in the circumstances authorized the defendant to sell the property, subject to the existing mortgages, partly for cash and partly for an additional mortgage. [77-78]

The measure of damages for breach by a broker of an agreement, upon selling real estate standing in his name subject to mortgages, to pay the real owner of the property the proceeds of the sale less the broker's commission and expenses was not the excess of the fair market value of the property over the mortgages and the commission and expenses but was the amount by which the fair market value of all the consideration received, together with the amount of the mortgages, exceeded the commission and expenses and the amount of the mortgages. [78-79]

An exception by the plaintiff to the trial judge's finding for the defendant in an action for breach of contract heard without a jury in which the judge on agreed facts found "no breach" raised the question of law whether the finding for the defendant was permissible. [79]

Where an owner of real estate subject to two mortgages made a contract with a broker under which the broker was to take a conveyance of the

Botaish *v.* Romanos.

property and upon selling it was to pay the owner "the net cash proceeds received" less a specified commission, and the broker rightfully under the terms of the contract sold the property for consideration, above the amount of the two mortgages, consisting partly of cash in an amount less than his commission and partly of a third mortgage, the broker broke the contract by thereupon failing either to transfer the third mortgage to the owner or to make any payment to him. [79]

A new trial confined to the issue of damages was ordered in an action for breach of contract heard without jury in which agreed facts showed a breach but the judge erroneously found "no breach" and found for the defendant and, although there was evidence of a fact essential to a determination of damages, that fact was not agreed or found. [79–80]

The record in an action by an owner of real estate against a broker who failed to account to the plaintiff for certain proceeds of a sale of the property received by the defendant did not require a ruling that the defendant's conduct barred him from credit for an earned commission. [80]

CONTRACT. Writ in the Superior Court dated August 1, 1957.

The action was heard by *Dowd,* J., who found for the defendant. The plaintiff alleged exceptions.

*Charles W. Lavers,* for the plaintiff.

*Arthur A. Da Prato & Bernard F. Shadrawy,* for the defendant, submitted a brief.

CUTTER, J. The plaintiff entered into a written agreement with the defendant under which (1) the plaintiff agreed to transfer a certain parcel of real estate to the defendant subject to certain encumbrances and (2) the defendant agreed that, when he should sell the property "at whatever sale price" the defendant "may see fit to take," he would pay to the plaintiff "the net cash proceeds received from said sale, less a five per cent . . . commission of the sale price plus any and all expenses incurred as a result of the sale." The agreement recited that it was made in consideration of the defendant "not bringing foreclosure proceedings against the property." It was stipulated, in the course of the present litigation, that the defendant had no mortgage interest in the property at the time the agreement was made and that the defendant did sell the property, subject to the encumbrances already mentioned, for a consideration in excess of two mortgages constituting the encumbrances.

This excess consideration consisted of a third mortgage for $8,381.27, payable in three years, with interest at six per cent payable quarterly, and cash amounting to $1,862.58, a total excess consideration having a face value of $10,243.85. The balances due on the two mortgages, together with the excess consideration just mentioned, amounted to $39,000 on which a five per cent commission would be $1,950. The defendant refused to make any payment to the plaintiff from the proceeds of the sale, has not shown that he transferred the third mortgage to the plaintiff, and contends in his brief that, under the agreement, no payment is due, inasmuch as the commission of $1,950 was in excess of the actual cash received on the sale.

The plaintiff brought an action to recover the excess of the proceeds of the sale above the excepted encumbrances. At the trial before a judge of the Superior Court, sitting without a jury, there was expert evidence that the properties sold had a fair market value, at the time of the sale, of between $39,000 and $39,800. The plaintiff presented various requests for rulings, to the denial of which, and to the trial judge's finding for the defendant, the plaintiff duly excepted. The case is before us on the plaintiff's bill of exceptions.

1. By the first of his requests, the plaintiff asked the trial judge to rule that the defendant, under the agreement, was obligated to sell the property for "a cash consideration," with the net proceeds (above the encumbrances, commission, and expenses) to be paid to the plaintiff. The selling agreement (although the purpose of, and reasons for, making it are not clear upon this record) seems essentially one of agency, by which the plaintiff agreed to give the defendant title to the real estate, apparently so that the defendant might stave off foreclosure proceedings and sell it, remitting the net proceeds to the plaintiff. The provision for a commission is indicative of a brokerage or agency relationship. It is consistent with an agency relationship that (despite the recital in the agreement that the defendant would refrain from foreclosure) the defendant had no mortgage interest in the property.

The plaintiff, in contending that the agreement authorized a sale only for cash, relies on cases holding that authority of an agent to sell for considerations other than cash must be expressly found in the contract of agency. Restatement 2d: Agency, § 65 (1). See *Associates Discount Corp.* v. *C. E. Fay Co.* 307 Mass. 577, 582. Under the unusual circumstances shown in the present case, where (1) the agreement itself suggests the threat of foreclosure proceedings, and (2) real estate, somewhat heavily mortgaged, was conveyed to the defendant as selling agent, we think that some authority to sell for a consideration other than cash must have been intended by the loose, ambiguous language authorizing sale "at whatever sale price" the defendant "may see fit to take." Although the circumstances of the transaction are not shown in great detail by the record, nothing points to a restrictive construction of the authority given to the defendant. Certainly, also, the interpretation which we adopt is supported by the circumstance that the possibility of any sale would have been greatly reduced if the defendant had not been authorized to sell subject to the outstanding mortgages. Similarly a favorable sale would have been less likely if a third mortgage could not have been taken in part payment for what appears to have been a somewhat thin equity.

A requirement that the sale be only for cash cannot rest upon the words "net cash proceeds," which we think can be most reasonably construed, in the circumstances shown by the record, as meaning the consideration received from the sale above the encumbrances, commission, and expenses. Any other construction would have permitted the defendant to sell wholly on credit and inequitably to retain all the proceeds for himself, a construction which the parties could not reasonably have intended. See *Berkal* v. *M. De Matteo Constr. Co.* 327 Mass. 329, 333; *New England Foundation Co. Inc.* v. *Commonwealth,* 327 Mass. 587, 596.

Because there was no requirement that the sale be for cash, there was no error in denying the plaintiff's first request.

2. The second and fourth requests asked the judge to

rule in substance that, because of the defendant's breach of the agreement, the defendant was liable for the excess of the fair market value of the real estate over the encumbrances and other liens. The measure of damages, if there was a breach of the contract (as we hold below there was), was not the excess of the fair market value of the real estate over the commission, expenses, and encumbrances, but the amount by which (a) the fair market value of all the consideration received (together with the amount of the encumbrances), upon what we hold to have been an authorized sale of the real estate, exceeds (b) the commission, expenses, and encumbrances. Accordingly, the requests could have been denied as stating an incorrect measure of damages.

The trial judge, however, refused to rule as requested in the second and fourth requests expressly on the ground that he found "no breach of contract." Thereby he showed that, on wholly agreed facts so far as concerns the issue whether there was a breach of contract, he applied an incorrect rule of law. As in *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167, the plaintiff's exception here to the finding of the trial judge presents "for decision the question of law whether on admitted facts the finding was permissible." See *Marshall* v. *Francis,* 332 Mass. 282, 289. Cf. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.* 332 Mass. 383, 386. Upon the agreed facts, although the defendant committed no breach of the sale agreement (as we have construed it) in selling the real estate partly for credit and partly for cash, he did clearly commit a breach of contract by refusing to account to the plaintiff for all the proceeds of the sale. He was bound by his contract to pay or transfer to the plaintiff the proceeds in excess of his commission and expenses and the encumbrances. When he failed to account for a part of the proceeds, the plaintiff became entitled to recover the damages caused by the breach of contract according to the measure of damages already stated.

We have no finding of a fact essential to the determination of damages, viz. the fair market value of the third mortgage

on the date of the sale. The testimony about the then fair market value of the real estate itself was relevant to, but not conclusive of, the issue of the fair market value of the third mortgage. This evidence, although it would warrant a finding of a value for the third mortgage, does not permit us to make that finding. The issue of the value of the third mortgage was one of fact for the trial judge and he did not decide that issue. There must be a new trial, confined to the issue of damages.

3. We deal with the exception to the denial of the third request, since the same issue may arise in connection with the new trial on the issue of damages. By this request, the plaintiff in effect asked the trial judge to rule that the defendant's breach of contract precluded his receiving any commission on the sale. The defendant's contention, that he himself was entitled to retain all consideration for the sale not paid in cash, in retrospect seems unreasonable and inequitable. However, on this scanty record, to which the plaintiff has agreed although he had full opportunity to present any relevant evidence, the circumstances attendant upon the making of the sale agreement do not appear in detail. Accordingly, we cannot rule that for the defendant to take the position he did as to the meaning of a somewhat confusing contract was conduct sufficiently outrageous to bar the defendant from credit in his accounting for a commission which he had earned by his efforts. Cf. *Ebert* v. *Haskell*, 217 Mass. 209, 211–212; *Spritz* v. *Brockton Sav. Bank*, 305 Mass. 170, 172. Cf. also cases collected in *Berenson* v. *Nirenstein*, 326 Mass. 285, 288.

*Exceptions sustained.*