ATLANTIC BUILDING CORPORATION *vs.* HARRY J. WHYTE.

Middlesex.    April 5, 1960. — June 24, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Law of the Case. Corporation,* Corporate entity. *Joint Enterprise. Practice, Civil,* Requests, rulings and instructions.

Upon exceptions in an action of contract by a corporation against one who, with another person, had formed it to build and sell houses and who filed a general denial, an answer of payment and a declaration in set-off, where it appeared that the case had been tried by consent as one for an accounting between the defendant and the other person as partners in a joint enterprise carried on without regard to the corporation, this court treated the case on the same basis as had the parties.    [236]

A request for ruling in an action was properly refused where it was contrary to the theory on which the action was tried by both parties.    [236]

In an action heard without jury solely on the report of an auditor whose findings were not to be final, there was no error in the trial judge's refusal of requests for rulings contrary to facts found by the auditor by which the judge was bound.    [237]

A contention that requests for rulings given by a judge hearing an action without jury were in conflict with his findings was without merit where the requests merely stated general rules of law by which he was guided and contrary findings were not required thereby.    [237]

CONTRACT.    Writ in the Superior Court dated August 7, 1957.

The action was heard by *Noonan,* J., upon an auditor's report.

*Maurice Goldstein,* (*Henry M. Polese* with him,) for the plaintiff.

*Harry H. Caviston,* (*Earle C. Parks* with him,) for the defendant.

COUNIHAN, J.    The declaration in this action of contract is in three counts, in the first of which the plaintiff seeks to recover the proceeds of the sale of a dwelling house in Melrose, in the second count for conversion by the defendant of funds due the United States, and in the third count for alleged overpayment by the plaintiff to the defendant on a

Atlantic Building Corp. v. Whyte.

contract to build a dwelling house on Echo Street, Malden. The defendant, in addition to a general denial, set up payment and filed an amended declaration in set-off in which he seeks to recover (1) the value of work and materials furnished by the defendant individually to the plaintiff in connection with the building of several dwellings, respectively called the Gordon, Echo and Copeland houses; (2) moneys expended and paid by the defendant for the benefit of the plaintiff; and (3) for work and labor furnished by the defendant on the so called Melrose house.

The action was referred to an auditor whose findings of facts were not to be final. After hearing, the auditor filed a report in which, after setting out an accounting of the receipts and expenditures by the parties, he found generally that the defendant owed the plaintiff the sum of $10,609.80 and that the plaintiff owed the defendant the sum of $10,300.92, leaving a balance of $308.88 due the plaintiff.

The plaintiff did not insist upon a jury trial and reserved no right to introduce further evidence before the judge. Rule 88 of the Superior Court (1954). Before trial the plaintiff filed a motion to strike out parts of the auditor's report which after hearing was denied by the judge. At the hearing on this motion the plaintiff filed forty-four requests for rulings of which the judge denied those numbered 3, 4, 43, and 44 generally and denied requests numbered 40 and 41 as contrary to the facts.[1] He allowed the other requests.

---

[1] "3. The evidence is insufficient to warrant a finding for the defendant.

"4. The evidence does not warrant a finding that the defendant had any authority to pay any bills of the plaintiff corporation.

"40. Independently of statute, defendant, because of his duty, and his liability to refund, having distributed all the corporation's assets to himself, a stockholder, may be held personally liable for its debts.

"41. The defendant, a director of plaintiff corporation which was or was about to become insolvent, could not obtain for himself a preference over other creditors by paying himself for an alleged preëxisting indebtedness of corporation, especially where payment exhausted assets of corporation.

"43. The court must, in accordance with the evidence reported by the auditor, find, as a matter of law, for the plaintiff for the total amount of plaintiff's declaration.

"44. The court must, on the evidence reported by the auditor, find as a matter of law for the plaintiff for the sum of $9,660.10."

Thereafter the judge allowed the defendant's motion for judgment on the auditor's report adding interest to the amounts found due by the auditor in accordance with an agreement of the parties.

The action comes here upon the exceptions of the plaintiff to the action of the judge on its requests for rulings, to the denial of the motion of the plaintiff to strike out parts of the auditor's report, and to the finding for the defendant, the plaintiff in set-off, because of an alleged conflict with the allowance of some of the plaintiff's requests. There was no error.

It appears from the findings of the auditor that the defendant and one Polese formed the plaintiff corporation for the purpose of building and selling several dwelling houses. Polese was to arrange the financing and the defendant was to furnish the labor and materials to build the dwellings. Neither Polese nor the defendant was to be paid for his services but his financial gain, if any, was to come from anticipated profits of the enterprise.

It appears from the briefs of both parties, and the auditor's report so indicates, that the case was tried by consent on the theory that the claims of the plaintiff would be set off by the claims of the defendant against the plaintiff. In effect both parties treated the action as one for an accounting between Polese and the defendant as partners. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge." *Santa Maria* v. *Trotto,* 297 Mass. 442, 447. *Kagan* v. *Levenson,* 334 Mass. 100, 106. Although it appeared that the plaintiff corporation was organized to build the houses, both Polese and the defendant carried on as joint venturers in the enterprise without reference to the corporation. Request numbered 4 was properly denied because it was contrary to the findings of the auditor whose report comprised all the evidence before the judge. That request was also contrary to the theory upon which the case was tried. In effect this request amounted to a request for a finding of fact which was

not required as matter of law on the auditor's findings. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.* 332 Mass. 383, 388.

Requests numbered 3, 43, and 44 in effect asked the judge to rule as matter of law that the plaintiff was entitled to recover on its declaration. If a finding for the defendant, the plaintiff in set-off, was permissible, as we think it was, these requests could not have been given. *Milmore* v. *Landau,* 307 Mass. 589, 590. *John T. D. Blackburn, Inc.* v. *Livermore,* 317 Mass. 20, 22.

Requests numbered 40 and 41 were correctly denied by the judge as contrary to facts found by the auditor by which the judge was bound in the absence of evidence warranting a contrary finding. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564.

The contention of the plaintiff that the requests allowed by the judge were in conflict with his findings is without merit. The judge properly allowed these requests which stated general rules of law by which he was guided. It has not been shown that these rules were applicable to the facts or that they required other findings. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.* 332 Mass. 383, 388.

The plaintiff's motion to strike out parts of the auditor's report is predicated on the statement that "the defendant cannot as a matter of law set off any personal claim against the corporation in preference to the claims of other creditors." This contention is without merit for nowhere in the auditor's report is there any finding that the corporation was insolvent or that there were any creditors of the corporation. Furthermore such a contention has no standing in view of the theory on which the case was tried.

*Exceptions overruled.*