*Southern District*

No. 25258

## BROWN CONDITIONING CO., INC.

v.

## THE LARKIN CO., INC.

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Tamkin, J.* in the District Court of East Norfolk   No. 25258 of 1963

*Cox, J.* In this action for goods sold and delivered there was a finding for the plaintiff in the sum of $139.30.

The justice allowed rulings requested by the defendant that a finding for the defendant was warranted, but he denied four others of

the defendant's request for rulings that there was no evidence to warrant a finding (1) that the defendant had any business dealings with the plaintiff; (2) that one Lawrence Moore was employed by the defendant; (3) that the merchandise was shipped to the defendant; or (4) that the defendant or its representatives ordered the merchandise from the plaintiff.

The requested rulings were in effect that the evidence, as matter of law, required a finding for the defendant. *Whitney* v. *Whitney,* 317 Mass. 253, 256. *Butler* v. *Cromartie,* 339 Mass. 4. *Atlantic Building Corp.* v. *Whyte,* 341 Mass. 234, 236-237. A finding of fact is not a proper subject of a report, but the question whether the evidence requires a finding does present a question of law which may be reported to the appellate division. *Soutier* v. *Kaplow,* 330 Mass. 448, 450. *Butler* v. *Cromartie,* 339 Mass. 4.

It was error to deny the defendant's requested rulings.

The justice made special findings that the plaintiff, a New Jersey corporation, is engaged in the business of manufacturing and selling aluminum products at wholesale; that the defendant is a Massachusetts corporation engaged in the wholesale and retail sale of aluminum products; that the defendant did business in New Jersey and was there represented by one Moore and one Bradigan, the latter being Moore's assistant; that the plaintiff furnished

aluminum products to the defendant in New Jersey; and that Moore and Bradigan as the defendant's agents ordered the goods from the plaintiff which delivered them to the defendant corporation in New Jersey.

All the material evidence is reported. It does not sustain the findings directly or by reasonable inference. It is reported that one David Bailey was known to the plaintiff's president and general manager as a salesman. In February and April, 1962, he learned from Bailey that he was doing business as the Larkin Company in East Patterson, New Jersey, that he had taken over the Air Lite Building and that Moore and Bradigan were to assist him in operating an aluminum siding business. Moore to be in charge. The goods delivered by the plaintiff are shown on three invoices dated respectively May 18, June 8 and July 7, 1962. Each invoice shows a sale to "The Larkin Company, Route #46, East Patterson, New Jersey." The goods described in the first invoice were picked up by A. Ott, in the second by D. Merlo and in the third by B. B.

We discern nothing in the reported evidence which supports the justice's finding that Moore and Bradigan were operating the defendant's business in New Jersey or even that the defendant did business in New Jersey. Nor do we find any evidence that the plaintiff furnished aluminum products to the defendant in New Jersey. There is no evidence which war-

rants the finding that the goods were ordered for the defendant's account. None of the personalities referred to are shown to have been associated with the defendant in any way. The four requested rulings denied should have been allowed. Their denial was prejudicial error. A finding for the defendant was required by the evidence.

The finding for the plaintiff must be reversed. The defendant is entitled to judgment.

SCHAIR & DUQUET

of Braintree for the Defendant.