*Southern Division*

## NATHAN MILGROVE and ROBERT MILGROVE, d/b/a NATHAN MILGROVE & COMPANY

### v.

## BOSTON AND MAINE CORPORATION

Argued: June 25, 1969. Decided: Oct. 15, 1969.

*Present:* Nash, C.J., Cox, Lee, J.J.

Case tried to *Tamkin, J.* in the Municipal Court of Brookline No. 171 of 1967

*Lee, J.* This is an action of tort in two counts in which the plaintiffs seek to recover for property damage to their motor vehicle as a result of the alleged negligence of the defendant on count 1 and for the willful and reckless conduct of the defendant on count 2. The answer is a general denial, a plea of contributory negligence and a plea that the plaintiffs' vehicle was unlawfully on the premises of the defendant.

There was a finding for the defendant.

The plaintiffs claim to be aggrieved by the court's rulings on the plaintiffs' request for rulings of law, numbers 6, 7 and 8 as being inconsistent with the facts found.

The remedy, where there is an alleged inconsistency, is by a motion for a new trial

or a motion to correct the inconsistency. If either of these motions are denied the plaintiff should secure a report to the Appellate Division on any adverse ruling and so preserve for review the question of law. *Biggs* v. *Densmore,* 323 Mass. 106, 108-109. *Kelsey* v. *Hampton Court Hotel,* 327 Mass. 150, 153.

 In this case the plaintiffs filed, timely, a motion to correct the alleged inconsistencies which was denied by the court. The plaintiffs failed, however, to perfect their claim to the Appellate Division by a claim for review. Instead it is merged into the report for consideration by the Appellate Division. This is not proper procedure and could be fatal to the plaintiffs' case. However, an examination of the justice's rulings on the plaintiffs' requests for rulings of law, numbers 6, 7 and 8 reveal no error of law.

 A justice may allow requests as warranting a finding on the evidence but then disbelieve such evidence and find against the same party. *Bresnick* v. *Heath,* 292 Mass. 293, 298; *Hoffman* v. *Chelsea,* 315 Mass. 54, 55-56; *Mastercraft Wayside Furniture Company* v. *Sightmaster Corporation,* 332 Mass. 383, 388. 20 LEGALITE 10.

A review of the evidence in this case amply supports the judge's finding.

No eyewitness to the accident testified and the only evidence concerning it introduced by

the plaintiff Robert B. Milgrove, outside of the physical damage to the car, was that he spoke to a man dressed in trainman's clothes, who stated that Milgrove was a trespasser and he would hit the car again if it were parked in that space. This man was not identified and no evidence introduced that he had any authority to speak for the defendant. This testimony was properly disregarded by the court. On the other hand, the conductor, engineer and flagman testified that there was no impact at all with the plaintiff's car.

There being no prejudicial error, *the report is ordered dismissed.*

EDMUND M. PITTS
 for the Plaintiff,
ROBERT D. O'LEARY
 of Boston for the Defendant.