MARTIN PROUTY *vs.* MARILYN BROWN. August 25, 1986. *Insurance,* No-fault insurance, Motorcycle. *Motorcycle.*

The defendant is appealing from the entry of summary judgment in an action for damages for personal injuries sustained by the plaintiff in a collision between the plaintiff's motorcycle and the defendant's automobile. The parties filed a statement of agreed facts, in which it was agreed that the plaintiff, a resident of Connecticut, was operating a motorcycle on June 21, 1979, in Longmeadow, Massachusetts, when it was involved in an accident with a motor vehicle registered in Massachusetts and owned and operated by a Massachusetts resident. The injuries sustained by the plaintiff in the collision did not result in medical bills in excess of $500, nor did the plaintiff sustain one of the injuries which would qualify him to recover damages for pain and suffering under any of the specific exceptions set out in G. L. c. 231, § 6D. The parties stipulated and agreed that the fair and reasonable compensation for the plaintiff's personal injuries under count 1 of his complaint would be $6,500, an amount which apparently includes $272.90 for medical expenses, $2,684 for lost wages, and the balance for pain and suffering. The Superior Court judge erred in concluding that the plaintiff was entitled to recover for pain and suffering.

The plaintiff is barred from recovery under the reasoning of *Cyr* v. *Farias*, 367 Mass. 720, 722-723 (1975), in which the Supreme Judicial Court concluded that the limitations of G. L. c. 231, § 6D, applied to nonresident plaintiffs seeking damages for pain and suffering from Massachusetts defendants who themselves could recover only actual losses under the "no-fault" scheme. *Id.* at 725. The Supreme Judicial Court came to a different conclusion in *Murphy* v. *Bohn*, 377 Mass. 544, 551 (1979), not because the accident in that case involved a motorcyclist plaintiff but because under a Massachusetts regulation, promulgated pursuant to St. 1970, c. 744, § 4, the plaintiff had contributed to a no-fault system which did not allow him recourse to its benefits. See *id.* at 551 & n.13. The plaintiffs in *Cyr*, on the other hand, bore none of the burden of the no-fault system. *Id.* at 551.

The instant case is more like *Cyr* than *Murphy*. Connecticut's no-fault provisions are not applicable to motorcycles. Motorcycle operators do not contribute to the system and receive none of the benefits. See Conn. Gen. Stat. § 38-319(g) (1985) (defining "private passenger motor vehicle" to exclude motorcycles); *Lumbermens Mut. Cas. Co.* v. *Scully*, 3 Conn. App. 240, 242-243 (1985). See also Conn. Gen. Stat. § 38-323 (1985). Nothing in the record indicates that the plaintiff contributed in any way to a no-fault insurance system. He is, therefore, not entitled to damages for pain and suffering.

The judgment is vacated, and a new judgment is to be entered in accordance with this opinion.

*So ordered.*

*Richard J. Fontaine* for the defendant.
*William P. O'Neill* for the plaintiff.