Furnari, J.
This is an action in tort to recover for personal injuries and property damage sustained by the plaintiff when the motorcycle he was operating struck the rear of the defendantss vehicle when it stopped unexpectedly.
After trial, judgment was entered for the plaintiff in the amount of $8,100.00.
The defendant thereafter requested an appeal to this Division on a charge of error in the court’s denial of defendant’s requests for rulings numbers 1 and 6, and in the court”s admission into evidence of records of the defendant”s convictions on criminal charges stemming from the parties’ collision.
1. Defendant’s request for ruling number 1 sought a determination that the plaintiff was precluded from recovering any damages for pain and suffering[1] herein because the plaintiff failed to introduce sufficient evidence of reasonable and necessary medical expenses in excess of $2,000.00 in satisfaction of the G.L.c. 231, §6D threshold requirements for such recovery.[2] Defendant’s request number 1 was properly denied as contrary to controlling Massachusetts law. Botaish v. Romanos, 338 Mass. 75, 79 (1958).
The proposition advanced by the defendant was specifically rejected in Murphy v. Bohn, 377 Mass. 544 (1979), wherein the Supreme Judicial Court ruled that a Massachusetts plaintiff-motorcyclist was not required to satisfy G.L.c. 231, §6D criteria as a condition precedent to the recovery of damages for pain and suffering.[3] *208 The Court’s ruling was predicated on a 1970 Insurance Commission Regulation issued pursuant to St. 1970, c. 744, §4 which requires resident motorcyclists to contribute to the Massachusetts “No Fault” system by carrying insurance providing Personal Injury Protection (“P.I.P.”) benefits for parties injured by a motorcycle, but which expressly excludes the owner, operator and person riding on the motorcycle from such P.I.P. coverage. Reasoning that the G.L.c. 231, §6D restrictions on the tort recovery rights of an automobile accident victim were justified under the no-fault scheme solely because P.I.P. benefits were given in exchange, Id. at 548, the Court held that the rights of a Massachusetts motorcyclist were distinguishable because:
[njotwithstanding his contribution to the system by regulation, neither he nor any other operator or passenger on the motorcycle, injured while riding, had recourse to P.I.P. benefits. Given this conjunction of his contribution to the no-fault system and his ineligibility to receive its ‘key’ benefit, personal injury protection ... the plaintiffs right to recovery is unimpaired by the pain and suffering exemptions setforth in G.L.c. 231, §6D.
Id. at 551.
2. There was also no error in the court’s denial of defendant’s request number 6 which improperly sought a mixed ruling of law and finding of fact, see Liberatore v. Framingham, 315 Mass. 538, 543 (1944), that the plaintiff failed to comply with the G.L.c. 233, §79G prerequisites for the admission into evidence of hospital and medical records.
In addition to its improper form, request number 6 was also irrelevant given the evidence actually introduced at trial. Request number 6 set forth the provisions of G.L.c. 233, §79G and concluded with a proposed finding that the plaintiff had failed both to submit copies of medical bills with appropriate notice to defendanf s counsel and to file an affidavit of such submission with the court. See generally, Grant v. Lewis/Boyce, Inc., 408 Mass. 269, 274 (1990). The report clearly states, however, that the plaintiff did not offer any certified copies of medical bills or reports, and that none were admitted into evidence. Thus the plaintiffs compliance with statutory requirements for the admission of evidence neither offered by the plaintiff, nor admitted by the court was wholly immaterial, and defendant’s request number 6 was properly denied.[4] Herman v. Sadolf, 294 Mass. 358, 362 (1936).
3. The defendant’s final contention is that the trial court erred in admitting into evidence copies of the defendant’s criminal convictions on charges stemming from the parties’ collision.[5]
The defendant’s convictions were admissible as prior, criminal adjudications of matters material to, or constituting elements of, the plaintiffs civil cause of action in tort. It is established that:
*209 A party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution.
Aetna Casualty & Surety Co. v. Niziolek, 395 Mass. 737, 742 (1985). The defendant herein clearly attempted to relitigate issues resolved against him in the prior criminal proceedings. The defendant had, for example, denied in his answer that the plaintiff had sustained any damages in consequence of the parties’ collision. Given the defendant’s denial and the plaintiffs burden of proving that injury or damage was caused by the defendant" s negligent conduct, the plaintiff was entitled to introduce the defendant’s conviction for leaving the scene. Such conviction established that the issues of property damage and causation had been adjudicated in the prior criminal trial and that the defendant was collaterally estopped from raising these issues anew.
The defendant contends that the admission of his criminal convictions was error because they were introduced after the plaintiff had called the defendant as a witness and the defendant had begun testifying. Both G.L.c. 233, §23 and Dist./Mun. Cts. R. Civ. P., Rule 43 (b) preclude the impeachment of a party’s own witness by evidence of bad character, including prior criminal convictions. See Commonwealth v. Arsenault, 361 Mass. 287, 301 (1972) (prior convictions usually address bad character). Such prohibition pertains even if the witness is the opposing party called under the provisions of G.L.c. 233, §22. Walter v. Bonito, 367 Mass. 117 (1975); Labrie v. Midwood, 273 Mass. 578 (1931).
The report does not indicate, however, whether the defendant specifically objected to the use of his criminal convictions record for impeachment purposes, and it is thus far from certain that the court erred in admitting the evidence for such single purpose. A general objection to evidence cannot prevail if the evidence is competent for any purpose. Cuddy v. L & M Equip. Co., 352 Mass. 458, 463 (1967); Irving v. Goodimate Co., 320 Mass. 454, 460 (1946). Moreover, even if the defendant made a specific rather than general objection, any error in admitting the criminal convictions was harmless. The usual prejudice to be considered when a witness is impeached by prior convictions, see Commonwealth v. Cadwell, 374 Mass. 308, 312-313 (1978); Walter v. Bonito, supra at 117-117, is not an issue in this action tried without a jury in view of the probative value of the convictions for collateral estoppel purposes, and the defendant has failed to satisfy his burden of showing that any other prejudice resulted from the trial court’s evidentiary ruling. See generally, as to burden, Ferris v. Turner, 320 Mass. 555, 558 (1947); Bermingham v. Thomas, 3 Mass. App. Ct. 742 (1975).
Report dismissed.

 It cannot be determined from the record in this case if the trial court assessed damages for the plaintiff s pain and suffering. The court made a general finding for the plaintiff in the sum of $8,100.00 without any specification of damages. The report does not contain the pleadings, and recites simply that the plaintiff’s complaint included claims for property damage and bodily injuries. The plaintiff s brief indicates thatthe complaint sought recovery of $6,300.00 in properly damages, $3,360.00 for lost wages and “unspecified amounts for ambulance, hospital and physician’s services.”

 Section 6D of G.L.c. 231 provides in relevant part: “In any action of tort brought as a result of bodily injury ... arising out of the ... operation ... or use of a motor vehicle within this Commonwealth by the defendant, a plaintiff may recover damages for pain and suffering... only if the reasonable and necessary expenses incurred in treating such injury... are determined to be in excess of two thousand dollars unless such injury... (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement, or (4) results in such loss of sight or hearing ... or (5) consists of a fracture.” The trial judge ruled, in allowing defendant’s requests numbers 2 through 5, thatthe plaintiff had not sustained any of the types of injuries enumerated in the statute.

 Compare, for a non-resident motorcyclist, Prouty v. Brown, 22 Mass. App. Ct. 992 (1986) (plaintiff not entitled to recover damages for pain and suffering against Massachusetts defendants when defendants could recover only their actual losses under Massachusetts no-fault system).

The defendant’s further argumentthat the plaintiff was not entitled, in the absence of G.L.c. 233, §79G hospital and medical records, to recover his medical expenses in this action is not open on this appeal. No request for ruling testing the sufficiency of the evidence to warrant such damages was filed by the defendant Bandera v. Donahue, 326 Mass. 563, 564 (1950); Reid v. Doherty, 273 Mass. 388, 389 (1930). As the defendant Med to preserve this issue for appellate review, the reportis appropriately silent as to whether other evidence was introduced to establish the plaintiffs medical expenses and whether damages for such expenses were actually assessed by tiie trial court.

 Although the report states that “[a] copy of the convictions is annexed as Exhibit ‘A’...,” no such copy was attached to the report, and no summary or description of the convictions is included in the text of the report. Both parties agreed in their written and oral arguments to this Division that the defendant was convicted on multiple criminal charges arisingfrom the parties’ accident, including leaving the scene of an accident.