Wheatley, J.
Alleging monies due under an agreement with the defendant (Toyota) for the installation of automobile alarms, the plaintiff (Parker), assumedly under a claim for breach of contract,[2] obtained a judgment after trial for $5,584.17, plus interest and costs. Under Dist./Mun. Cts. R.A.D.A., Rule 8C, Toyota has appealed from the trial court judgment and the introduction of some evidence. We find no error.
Parker, for some years before he brought suit on October 10,1997, was paid by Toyota for the installation of alarms in cars purchased by Toyota’s customers. Parker sued for payment for services performed and a trial was held on March 23, 1999. At the trial, Toyota raised an objection as to certain records offered in evidence by Parker to prove the amount of the alleged indebtedness. Parker testified that he submitted invoices on a monthly basis when work was completed, that the invoices were business records, and that the invoices itemized any balance due. When Parker’s counsel referred to a sample invoice, Toyota’s counsel gave him permission to “put all of them in if you want,” referring to Parkers’ invoices. Parker’s attorney offered a sample invoice without objection from Toyota’s counsel, and it was marked as Exhibit 1. Parker then went on to explain the components of the sample invoice and its attachments.
Parker had also prepared summaries of the invoices for the years in question, and, upon offering the summaries, Toyota’s counsel objected to them on the basis that they were not business records, and had not been supplied to her before trial. The court sustained her objection to the summaries, but the rest of the invoices were admitted into evidence, without objection by Toyota’s counsel. Among the invoices was a letter from Parker to Toyota, a copy of which was sent to Parker’s counsel at the same time. The trial judge, over Toyota’s objection, ruled that the letter was not made in contemplation of litigation, and accepted it also. This inclusion in evidence of the letter is one of the issues of this appeal.
Without the actual exhibits before us it is difficult to rule on the admissibility of the contents of any particular document. Suffice it to say, prior to the admission of the letter, the trial judge had before him for his consideration monthly invoices which presumably showed a running balance of what Parker alleged to be owed, and which were accepted into evidence without objection. Moreover, Parker later *32 in the trial testified about the actual amount of money that Toyota owed him, also without objection from Toyota’s counsel. Whether the additional evidence, beyond the invoices, was a single letter or a letter and the summaries, it was merely cumulative of the information in the invoices and if its admission was error, it was harmless error. Polsinetti v. National Amusements, Inc., 1997 Mass. App. Div. 150, and cases cited.
The second issue raised by Toyota is whether “the judgment in favor of the plaintiff was ... proved by a preponderance of the evidence.” This we take to be a challenge to the sufficiency of the evidence to support the trial court’s finding. Questions of law, such as this, are ordinarily raised and preserved at a district court trial by the filing of requests for rulings of law at the close of the evidence, which, in this case, the appellant did not do. Toyota’s mere objection to, or charge of error in, the trial court’s general finding for the plaintiff presents no question for appellate review. Ducker v. Ducker, 1997 Mass. App. Div. 147. “[T]he question of the correctness of a general finding or decision cannot be raised by an exception or claim of report [or appeal], ... The reason is that exceptions or claims of report [or appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.” Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955). Having filed no requests for rulings, Toyota waived any appellate consideration of legal issues. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002 (1982), and cases cited. Accordingly, this appeal is dismissed.
So ordered.

 There is a reference in the opening statements at trial to a count in the complaint for a violation of G.L.c. 93A. There is, however, no copy of the complaint in the record, there is no finding by the trial judge other than under Count I, and there is no reference to another count in the notice of appeal or the briefs. We do not, therefore, consider it in this opinion.