Wheatley, J.
The defendant, Antonio Melendes (Antonio), has filed an expedited appeal under Mass. Dist./Mun. Cts. R.A.D.A., Rule 8A, alleging error in the findings of the trial judge after a trial on the merits. We affirm the trial court findings and dismiss the appeal.
On September 9, 1998, the plaintiff, Dorothy Melendes (Dorothy), sued Antonio for the breach of an oral contract to repay monies which she had transferred to him. He responded with a counterclaim, which was unsuccessful and is not the subject of this appeal. On May 20, 1999, the judge denied Dorothy’s motion for summary judgment and the matter went to trial on September 1. After trial, the court found in Dorothy’s favor under the complaint in the amount of $10,800. The clerk added interest “from 12/11/92 - 9/17/99 ... in the amount of $8,769.60... and costs of $144.75.” Although Antonio argues in his brief that the amount of interest was erroneously calculated from 12/11/92 (presumably the date of demand), he does not raise it in his notice of appeal, which states: “1. On September 3,1999 this court entered judgment in favor of the plaintiff following a trial, and awarded damages in the amount of $10,800 with interest and costs. 2. Defendant seeks appellate review as to whether the trial judge erred in entering judgment in favor of plaintiff, concluding an enforceable loan contract existed.”
The notice of appeal should contain, inter alia, “a concise statement of the issues of law presented for review...” which limits the scope of the appeal. Dist/Mun. Cts. RADA, Rule 3 (c) (2). The issues stated in the notice may not be added to in an expedited appeal. See Commentary to RADA 8A In that the issue concerning the extent of the interest was not raised in the appellant’s notice, we do not consider it as part of this appeal.
The only issue raised by Antonio in his notice challenges the propriety of the finding by the trial judge in favor of the plaintiff. The docket reflects, however, that Antonio filed no requests for rulings of law. “Questions of law, such as this, are ordinarily raised and preserved at a district court trial by the filing of requests for rulings of law at the close of the evidence, which, in this case, the appellant did not do. [The appellant’s] mere objection to, or charge of error in, the trial court’s general finding for the plaintiff presents no question for appellate review.” Parker v. Toyota of Hanover, Inc., 2000 Mass. App. Div. 31, and cases cited. The reason is that exceptions or claims of report [or appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented. Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955). Having filed no requests for rulings, Antonio waived any appellate consideration of legal issues. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002 (1982), and cases cited.
Accordingly, this appeal is dismissed.
So ordered.