Wheatley, P.J.
The plaintiff (Alkon), the resident-owner of a two-family house in Brookline, has sued the defendant (Capital) for a violation of G.L.c. 93A and a breach of contract in connection with the construction by Capital of a blacktop driveway for Akon at his home. Akon brings this appeal under Mass. Dist./Mun Cts. R. A. D. A., Rule 8C, from a judgment in his favor for single damages of $2,626.75 and questions the trial judge’s findings on the 93A count. We remand the case to the trial court for further findings in that regard.
In July of 1996 Akon contracted with Capital to construct a new driveway for his two-family residence. Capital completed the work and warrantied it as free from defects. After being notified that the driveway was complete, Akon alleged that he and his tenants, upon parking their cars in the new driveway, found that the cars sank into the blacktop. Feeling that Capital’s response to his complaints was insufficient, he sued Capital for a violation of G.L.c. 93A (count I), alleging a breach of warranty and misrepresentation, and breach of contract (count II). After a jury-waived trial on December 8,1998, the judge found as follows:
*253 “ORDER
1.The court finds for plaintiff on his complaint and assesses damages in the amount of $2,626.75.
FINDINGS
1. Plaintiff performed the contract in good faith.
2. If there were a violation of G.L.c. 93A it was not willing (sic) or knowing.
3. Defendant made a good faith offer to repair the damage to the driveway.”, from which order and findings the plaintiff has appealed.
Such findings can be challenged if the appellant has raised the subject in his requests for rulings of law. Melendes v. Melendes, 2000 Mass. App. Div. 73. Alkon refers specifically to the court’s denial of his requests for rulings of law numbers 12-18 as the basis for his appeal.[1] Requests numbers 12 through 16 were requests for findings of fact, and, as such, were permissibly denied by the trial judge. He also denied Alkon’s request for a finding for treble damages under c. 93A (request for ruling of law number 17) and for attorney’s fees, also under c. 93A (request for ruling of law number 18). Although labeled as requests for rulings of law, all of these were in fact requests for findings of fact, and, as such, he was not required to respond to them. Mass. R. Civ. P., Rule 52(c). (Actually, some of the findings made by the judge accorded with what the plaintiff requested.) With no appeal available on the improper denial of any of Alkon’s requests for rulings of law, we turn to the court’s order and findings to determine any basis for appeal.
In count II of the complaint, Alkon alleges a breach of contract by Capital. The trial judge found that Alkon performed the contract in good faith, and awarded him the damages he requested. Under count II, Alkon has smooth sailing. It is in the court’s findings relating to count I where Alkon hits rough waters. In count I, Alkon alleges a violation of G.L.c. 93A, a viable allegation, upon which Alkon is, in a jury-waived trial, entitled to a judicial determination on the merits.
From an examination of the court’s order and findings and the court’s allowance of Alkon’s requests for rulings of law, numbers 1-11, some of which contain facts, we piece together the following further facts found by the judge. Capital was engaged in commerce as the seller of a product to Alkon, and Alkon was the buyer of a product, as those terms are defined in the Consumer Protection Act — G.L.c. 93A, §1. Capital gave an implied warranty, as well as an express warranty, that the driveway it would construct for Alkon would be completed in a workmanlike fashion, free from material defects. Alkon performed the construction contract in good faith and is entitled to money damages of $2,626.75, the full amount which he requested. Capital, however, breached this contract.[2] Any violation of c. 93A by Capital was not a willful or knowing violation. Capital made a good faith offer to repair the damage to the driveway.
Because we find too many facts are lacking which cannot be inferred, we cannot decide that the issues presented in the 93A count were resolved. To make a complete decision in connection with a count for a violation of c. 93A, the trial judge must *254 find initially whether the defendant committed an unfair or deceptive act or practice. His determination that Capital did not act willfully or knowingly relates only to the issue of additional damages, once the violation has been found. Further, if he finds a violation, he must then determine the reasonable attorney’s fees and costs incurred in the action, which shall be awarded. G.L.c. 93A, §9(4). Merely finding that the “[d]efendant made a good faith offer to repair the damage in the driveway” may eliminate some attorney’s fees, but it does not resolve the basic issue.
If a reasonable written offer of settlement is made under this section and rejected, the fees are limited to those incurred before the offer. But without an initial determination of whether a violation was committed, the total charge made in the plaintiff’s complaint has not been resolved. We cannot conclude that the trial court found no 93A violation. The trial judge, when he wrote in his findings, “... If there were a violation of G.L.c. 93A...” (emphasis supplied), left the question as to the existence of a violation unanswered, and we are left without direction as to whether the subjects of reasonable attorney’s fees and double and treble damages should be considered.
Alkon argues that because the judge found the existence of a warranty and a breach of the original contract by Capital, by implication he found that Capital violated c. 93A. Because the judge made no findings as to Capital’s and Alkon’s action or inaction in regard to the warranty, we are not willing to adopt Alkon’s argument.
Accordingly, this case is remanded to the trial court for further findings and/or trial, consistent with this opinion, on the c. 93A issues.
So ordered.

 The judge allowed requests for rulings of law numbers 1-11.

 This fact is arrived at by deducing that, because the judge awarded more than nominal damages to Alkon, he must have determined that Capital breached either its construction contract or its warranty. The general finding of the trial judge imports a finding of all subsidiary facts and the drawing of all permissible inferences in its support. Jones v. Clark, 272 Mass. 146, 149 (1930). A requirement of action by Capital on file warranty would imply that either Capital did not perform the original contract in a workmanlike manner, or did not provide a driveway free from material defects. In either case, a breach of the construction contract is implied. Moreover, the judge found that there was damage to the driveway.