Wheatley, J.
The plaintiffs (the Borakses), homeowners, sued to recover for damages resulting from shoddy work done by the defendant (Regan), whom they hired to paint their three-family house in Roxbury. They alleged negligence, breach of contract and a violation of G.L.c. 93A The tried judge found for the Borakses under their contract claim for $6,300, and under their c. 93A claim for $6,300, plus $10,000 for the attorney’s fees, for a total of $22,600. Regan has filed a Dist/Mun. Cts. R A. D. A, Rule 8C, appeal, raising an evidentiary issue and claiming that the trial judge’s findings and the judgment are contrary to the evidence and the law. We affirm the trial courts findings and dismiss the appeal.
Regan’s challenge as to the sufficiency of the evidence fails. Nothing in the record indicates that he filed any requests for rulings of law, as required by Mass. R Civ. R, Rule 64A(b). The mere objection to, or charge of error in, the trial judge’s general finding for the adverse party presents no question for appellate review. McDonough v. Ferrari Pool N’ Patio, Inc., 2000 Mass. App. Div. 100; Melendes v. Melendes, 2000 Mass. App. Div. 73; Ducker v. Ducker, 1997 Mass. App. Div. 147; Marr Oil v. Textile Realty, 1985 Mass. App. Div. 224; Worcester County National Bank v. Brogna, 386 Mass. 1002 (1982), and cases cited. “[T]he question of the correctness of a general finding or decision cannot be raised by an exception or claim of report [or appeal]. ... The reason is that exceptions or claims of report [or appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.” Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955). See also G.L.c. 231, §108. Having filed no requests for rulings, Regan waived any appellate consideration of these legal issues.
An exception to this general rule relates to a ruling of law on an evidentiary issue to which the appellant has made a proper objection. Mass. R Civ. E, Rule 64A see Reporter’s Notes 1996. We can order a new trial if the improper admission of evidence has injuriously affected the substantial rights of a party. G.L.c. 231, §110. In Regan’s Notice of Appeal, he claims, among other things, that “[t]he court erred in determining that the co-plaintiff, Gordon Boraks, was an expert witness and that defendant’s videotape was inadmissible as evidence.” Boraks’ testimony that he was a Union carpenter and a construction supervisor, that as such he supervised painters and had had several years experience as a painter himself, and that the paint on the house could not be touched up and would have to be repainted, came into evidence without objection by Regan. It was not admitted *2 improperly. Moreover, the testimony about the offering of the video tape into evidence is not clear. At one point the judge, in referring to the tape, said “I’ll see it” But there then followed a discussion indicating some confusion as to where the viewing camera was and how to operate it We can not determine from the record whether the judge viewed the tape or not However, there were pictures of the house also available in evidence, admitted without objection, which showed the same views. We can not say that the possible non-viewing of the tape injuriously affected the substantial rights of the defendant More to the point however, these issues were not argued in Regan’s brief and we do not consider them as viable arguments in this appeal. Dist/Mun. Cts. RA.D.A, Rule 16(a) (4).
Accordingly, we affirm the trial judge’s findings and dismiss the appeal.
So ordered.