WALTON PETER BURKHIMER v. W. B. LINDSAY FURNITURE
COMPANY, A CORPORATION, AND W. E. SHAW, INDIVIDUALLY

No. 7125DC422

(Filed 18 August 1971)

1. Sales §§ 14, 17— breach of warranty — malfunctioning refrigerator —
plaintiff's knowledge of malfunction — plaintiff's continued use of
refrigerator

  In plaintiff's action against a retailer to recover for breach
of warranty of a new refrigerator and for the spoilage of food caused
by the malfunctioning of the refrigerator, the trial court improperly
submitted the case to the jury where the plaintiff admitted on cross-
examination that, notwithstanding his knowledge that the refrigerator
was malfunctioning and that food and milk were continually spoiling,
he persisted in using the refrigerator.

2. Appeal and Error § 47— technical error — judgment in conformity
with rights of the parties

  Where the judgment is in conformity with the ultimate rights of
the parties, or the appellant, as a matter of law, is not entitled to the
relief sought, mere technical error will not justify disturbing the
judgment of the trial tribunal.

APPEAL by plaintiff from *Sigmon, District Judge,* 8 Febru-
ary 1971 Session, District Court, CALDWELL County.

Plaintiff instituted this action on 30 April 1970. He alleges
that on 22 July 1967, the corporate defendant, acting through
its agent, W. E. Shaw, sold to plaintiff a refrigerator which
was delivered and installed in plaintiff's home. At the time of
the sale, the defendant and its employees represented to the
plaintiff that "said refrigerator was in new condition, would
preserve food placed in it, would not require defrosting and
would properly make ice cubes." The complaint further alleges
that "between the date of purchase, July 22, 1967, and July 3,
1969, the refrigerator did not operate properly thereby causing
considerable amounts of food to be spoiled and rendered unfit
for human consumption, which condition still persists." Plain-

---

Burkhimer v. Furniture Co.

---

tiff alleged that he complained to defendant many times during that period that the refrigerator was not operating properly and causing considerable waste of food, that defendant several times had its employees work on it until spring of 1969 when defendant refused to do anything further, that the refrigerator "has been virtually worthless to the plaintiff" and "remains worthless to the plaintiff and costs the plaintiff considerable sums of money in food lost and time wasted trying to get it to operate properly." Plaintiff sought to recover the sum of $469.49, the cost of the refrigerator, and $1000 for food spoiled.

Defendants' answer denied the material allegations of the complaint and averred that the refrigerator carried a manufacturer's warranty which specified the terms and conditions of parts and repairs. The warranty was alleged to be attached to the answer. It is not a part of the record. The matter was submitted to the jury who answered the issues in favor of defendants. Plaintiff appealed.

*L. H. Wall for plaintiff appellant.*

*Townsend and Todd, by J. R. Todd, Jr., for defendant appellees.*

MORRIS, Judge.

[1] Plaintiff testified that he purchased the refrigerator from defendant through Mr. Shaw who "said it would do the job, that it was a no-defrosting model and had an automatic ice maker." The refrigerator did not function properly from the day it was installed. The refrigerator was intalled on Saturday and the installer had trouble with the ice maker and came back on Monday. Several months later "it iced up completely and frost got in the back and iced up completely and we found milk spoiling and other food spoiling." Plaintiff had trouble with it icing up several times and would ask defendant to send someone out to get it to stop icing. Defendant would send someone out and it would function fairly well for a while and then start back icing up in the freezing compartment and not being cold enough in the lower or food compartment. This went on until the spring of 1969. On cross-examination, plaintiff testified he never saw an owner's guidebook or warranty, that he had only one refrigerator in his home, that the refrigerator in question was

Burkhimer v. Furniture Co.

still there and had food in it at the time. On redirect examination, plaintiff testified "We lost considerable amounts of milk, ice cream, lettuce, chicken, meat, vegetables and other foods. This loss has been over virtually the whole time we have had the refrigerator. We averaged losing about two gallons of milk per week, a couple of heads of lettuce, about three half-gallons of ice cream, some chicken, about a chicken a week, and other vegetables and stuff it's hard to figure a record on that we'd lose about one item of vegetables or meat a week. We had trouble losing food when it iced up and sometimes in between times. We learned that if we kept the food in the freezer compartment instead of the food compartment and after it iced up we would transfer it to the food compartment to thaw it out."

On recross-examination, plaintiff testified as follows:

"I stated that about two months after we purchased the refrigerator, we had some milk to spoil in it, about two gallons per week. I am telling the jury we put milk in this defective refrigerator every week for the past three years knowing it would spoil.

REDIRECT EXAMINATION By Mr. Wall:

Since Mr. Shaw would not supply us with a new refrigerator, we had to use something and we tried to use it to the best advantage possible.

RECROSS EXAMINATION By Mr. Todd:

My explanation is that the best advantage we could use the refrigerator was to put milk in it every week knowing it would spoil and not be fit for use. After I brought the lawsuit in April, 1970, we continued to put milk and food in the refrigerator knowing it would spoil. We did everything we could to keep it from spoiling."

At the end of plaintiff's evidence defendant moved for dismissal. The motion was denied, renewed at the end of all the evidence, and again denied. Five issues were submitted to the jury: (1) Whether there was an "express warranty" with the refrigerator, (2) If so was it breached, (3) Whether there was an implied warranty, (4) If so was there a breach, (5) Amount of recovery, if any. The jury answered the first issue "yes" and the second issue "no."

Burkhimer v. Furniture Co.

**[2]** Plaintiff brings forward and argues 33 assignments of error based on 49 exceptions. Some of the exceptions are directed to the admission or exclusion of evidence and some to the charge of the court. There is merit in some of the exceptions, particularly those directed to the charge. However, "where the judgment is in conformity with the ultimate rights of the parties, or the appellant, as a matter of law, is not entitled to the relief sought, mere technical error will not justify disturbing the judgment" of the trial tribunal. 1 Strong, N. C. Index 2d, Appeal and Error, § 47, and cases there cited.

**[1]** In our opinion this case is controlled by *Insurance Co. v. Chevrolet Co.*, 253 N.C. 243, 116 S.E. 2d 780 (1960). The facts are strikingly similar. There the Court, through Bobbitt, J. (now C.J.), quoted with approval Sutherland on Damages, Fourth Edition, Vol. 1, p. 317, § 89: " . . . where property is sold with a warranty of fitness for a particular purpose, if it be of such a nature that its defects can be readily, and in fact are, ascertained, yet the purchaser persists in using it, whereby losses and expenses are incurred, they come of his own wrong and he cannot recover damages for them as consequences of the breach of warranty." The trial court should have granted defendants' motion at the close of plaintiff's evidence. Since the matter should not have been submitted to the jury, errors in the charge cannot be held to be prejudicial. Exceptions to the admission or exclusion of evidence did not constitute prejudicial error.

Because of this disposition of the appeal, we do not discuss plaintiff's exception to the trial court's refusal to strike defendants' motion to dismiss and for default judgment. Nor do we discuss defendants' motion, on appeal, to dismiss for failure to state a cause of action upon which relief can be granted. A discussion of the sufficiency of the complaint would be time consuming and is unnecessary.

Affirmed.

Judges BRITT and PARKER concur.