DOYLE P. COOPER v. C. C. MASON, D/B/A C. C. MASON CHRYSLER PLYMOUTH AND PLYMOUTH DIVISION, CHRYSLER MOTORS CORPORATION

No. 7230DC90

(Filed 24 May 1972)

1. Sales § 13— rescission of contract of sale — privity

Plaintiff was not entitled to recover from an automobile manufacturer on the theory of rescission of the contract of sale of an automobile purchased from a dealer because there was no privity of contract between plaintiff and the manufacturer.

2. Sales § 13; Uniform Commercial Code § 20— sale of automobile — rescission — revocation of acceptance — reasonable time

Plaintiff is not entitled to recover from an automobile dealer under a theory of rescission of the contract of sale of an automobile where plaintiff's evidence establishes that he accepted and used the automobile for seventeen months and 30,000 miles until it was wrecked and at no time rejected it or tendered it to the dealer, the use of an automobile for such time and distance exceeding a reasonable time for revocation of its acceptance. G.S. 25-2-608(2).

3. Sales § 17; Uniform Commercial Code § 15— breach of warrant of fitness — automobile — insufficiency of evidence

Plaintiff's evidence was insufficient to support recovery against an automobile manufacturer and an automobile dealer on the theory of breach of implied warranty of fitness where it tended to show that the automobile left the road while rounding a curve at 40 mph and wrecked, that after the accident the left front wheel was off and a cracked wheel bearing retaining ring was found 75 feet from the wrecked automobile, that the automobile had been used for seventeen months and had been driven over 30,000 miles, and that the tires wore out evenly in less than 8,000 miles, there being no evidence that a defect existed at the time of the sale to plaintiff.

APPEAL by defendants from *Alley, District Judge,* 26 October 1970 Civil Session of SWAIN District Court. (Judgment filed 6 August 1971.)

In this action plaintiff seeks to recover for losses allegedly sustained by him on account of a Plymouth automobile manufactured by defendant Chrysler and purchased by plaintiff from defendant Mason. Allegations of the complaint and evidence presented at the nonjury trial are summarized as follows:

On 5 August 1967 plaintiff purchased from defendant Mason a new Plymouth manufactured by defendant Chrysler.

Plaintiff was never satisfied with the performance of the car and on numerous occasions returned the car to defendant Mason for service and correction of certain defects including defective wheel alignment, springs protruding through seat fabric, and leaky carburetor. Plaintiff had to replace the tires several times, never getting more than 8,000 miles per set of tires. On 19 January 1969, seventeen months and over 30,000 miles after the purchase date, the automobile was involved in a single car accident. The automobile was being driven at a speed of about 40 miles per hour going into a right-hand curve and left the road, going off the right side. It was raining and nighttime when the accident occurred. After the accident the left front wheel was off and the next day some 75 feet from the accident plaintiff found a wheel retaining ring that was cracked.

Plaintiff proceeded under two theories—rescission of the contract of sale and breach of warranty of witness for use. In his prayer for relief he asked for $3,175.98 restitution, or, in the alternative, for breach of warranty said amount plus $530.54 for damages resulting from the wrecking of the automobile.

The court found facts as contended by plaintiff and concluded as a matter of law that there were warranties from both defendants running to plaintiff; that any disclaimer of implied warranty for fitness (pleaded by defendants) was unilateral and inconsistent with other warranties made by both defendants; that there was a total failure of consideration running to the plaintiff and that he was entitled to the following: $4,069.36, the purchase price of the car with interest and carrying charges, less its present cash value of $750.00; $760.00 for tires, the entire amount spent on tires by plaintiff; and $920.64 for repairs and storage of the vehicle. From the findings and conclusions of law, and judgment in favor of plaintiff for $5,000.00, the defendants appeal.

*Stedman Hines for plaintiff appellee.*

*Jones, Jones & Key by R. S. Jones, Jr., for defendant appellant Mason.*

*Hudson, Petree, Stockton, Stockton & Robinson by James H. Kelly and J. Robert Elster for defendant appellant Chrysler Motors Corporation.*

BRITT, Judge.

Did the court err in entering judgment in favor of plaintiff? We hold that it did.

[1]    First, we discuss plaintiff's theory of rescission of contract. Clearly, plaintiff was not entitled to recover of defendant Chrysler on this theory because there was no privity of contract between plaintiff and defendant Chrysler. Nor do we think plaintiff was entitled to recover of defendant Mason on this theory.

[2]    G.S. 25-2-608(2)    provides: "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it." Plaintiff's evidence establishes that he accepted and used the vehicle until it was wrecked and at no time rejected it or tendered it to the seller to effect a rescission. The purchaser waives his right to rescind if, after discovery of the defect or fraud, he ratifies the sale by continuing to use the chattel for his own purposes. *Insurance Co. v. Chevrolet Co.*, 253 N.C. 243, 116 S.E. 2d 780 (1960). It would seem that seventeen months and 30,000 miles exceed a *reasonable time for revocation* of the purchase of the automobile under the most liberal interpretations of the term. *Burkhimer v. Furniture Co.*, 12 N.C. App. 254, 182 S.E. 2d 834 (1971); cert. den., 279 N.C. 511, 183 S.E. 2d 686 (1971).

[3]    As to plaintiff's warranty action, we need not decide if the written warranty pleaded by defendants and established by the evidence acted as a disclaimer of the implied warranty of fitness pleaded by plaintiff. Suffice to say, plaintiff's warranty action fails for lack of evidence of damages proximately resulting from defects at the time of sale. The evidence showed that after the wreck the left front wheel was broken; that the car had been driven over 30,000 miles; that a wheel bearing retaining ring was found 75 feet from the wrecked car; that tires wore out evenly in less than 8,000 miles and that defendant Mason made several adjustments to the car. In the absence of evidence sufficient to support a finding that a defect existed at the time of sale some seventeen months and 30,000 miles before, defendants were entitled to a dismissal. *Hanrahan v. Walgreen Co.*, 243 N.C. 268, 90 S.E. 2d 392 (1955). See *Coakley*

*v. Motor Co.*, 11 N.C. App. 636, 182 S.E. 2d 260 (1971), cert. denied, 279 N.C. 393, 183 S.E. 2d 244 (1971) for proximate cause under theory of negligence.

For the reasons stated, the judgment appealed from is

Reversed.

Judges CAMPBELL and GRAHAM concur.